E-FILED
Monday, 07 May, 2012 04:02:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| WILLIAM DALE CARTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 11-cv-3343 |
| PATRICIA BIZAILLION CARTER, | ) | |
| Defendant. | ) | |

## ORDER OF DISMISSAL

RICHARD MILLS, U.S. District Judge:

William Dale Carter is entitled to his day in court.

But he is not entitled to someone else's.

This action is dismissed.

### I.

William Dale Carter filed what he called a Petition for Relief from Judgment on September 6, 2011. It was docketed as a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254.

At the time of filing, Mr. Carter was an inmate at the Shawnee Correctional Center, Vienna, Illinois. At that time, Mr. Carter had at

least two pending § 2254 petitions before this Court: Case Nos. 11-cv-3001 and 11-cv-3173.

Mr. Carter is no longer incarcerated at Shawnee Correctional Center. It appears that he has been paroled and is presently residing in Oakhurst, Texas. *See* Illinois Department of Corrections Inmate Search, http://www2.illinois.gov/idoc/ Offender/Pages/InmateSearch.aspx (last visited May 1, 2012).

In his filing, Mr. Carter challenges the entry of a plenary order of protection against him by the Circuit Court of Adams County, Illinois, on behalf of Patricia Bizaillion, a/k/a Patricia Bizaillion Carter, a/k/a Patricia A. Carter. *See Carter v. Carter*, No. 2010 OP 8 (Cir. Ct. Adams Cnty.).

The judgment of the Circuit Court of Adams County was affirmed on appeal by the Appellate Court of Illinois, *see Carter v. Carter*, No. 4-10-0611 (4th Dist.), and the Supreme Court of Illinois denied the petition for leave to appeal, *see Carter v. Carter*, No. 111911 (Ill.).

Mr. Carter purportedly brings this action under Federal Rule of Civil Procedure 60(b)(4), and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution.

Mr. Carter claims that the plenary order of protection improperly deprives him and his children of contact with each other, that the Circuit Court of Adams County, Illinois, is conspiring with Bizaillion, and that Bizaillion has a long history of committing frauds and perjuring herself.

Mr. Carter alleges that the Circuit Court improperly relied on information related to his home invasion conviction in Adams County Case No. 01 CF 458. Mr. Carter cites numerous cases—most from the state courts of Illinois.

In his prayer for relief, Mr. Carter requests that this Court grant declaratory judgment, vacate the orders of the courts of Illinois, and reverse and remand with instructions.

II.

A.

Although this case was docketed as a habeas case, it appears that it is actually a prisoner civil rights case.[1]

As a result, this case is before the court for merit review of Mr. Carter's Petition for Relief from Judgment. The Court is required by 28 U.S.C. § 1915A to "screen" a plaintiff's complaint, identifying and dismissing any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The merit review standard is the same as a motion to dismiss standard. To state a claim under federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim

---

[1] To the extent that this case was an action under 28 U.S.C. § 2254, it would likewise be dismissed. The Court would find that it plainly appears that the petitioner is not entitled to relief under Rule 4, Rules Governing Section 2254 Cases. Any challenge to Adams County Case Nos. 01 CF 458 or 01 CM 379 would be classified as second or successive under 28 U.S.C. § 2244(b), because Mr. Carter has already initiated habeas corpus challenges to those cases. *See Carter v. Martin*, No. 11-cv-3001 (C.D. Ill.); *Carter v. Martin*, No. 11-cv-3173 (C.D. Ill.). Accordingly, if this was a § 2254 case, it would be subject to dismissal. If this was a § 2254 case, the Court would decline to issue a certificate of appealability because reasonable jurists would not debate that he has not made a valid claim of a violation of a constitutional right, nor would reasonable jurists debate that the filing should be denied on procedural grounds.

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quotation marks and alteration omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id.* (citing *Bell Atlantic Corp. Twombly*, 127 S.Ct. 1955, 1965, 1973 n. 14 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court keeps in mind, however, that pro se pleadings are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1207 (7th Cir. 1980).

B.

For the <u>third time</u> in recent years, Mr. Carter has filed an action seeking to have this Court exercise appellate review over the courts of the

State of Illinois. *See Carter v. Carter*, No. 09-cv-3299 (C.D. Ill. December 16, 2009) (Baker, J.); *Carter v. Martin*, No. 11-cv-3110 (C.D. Ill. April 26, 2011) (Myerscough, J.). In the two previous cases, Mr. Carter sought federal appellate review in this Court of the decisions of the Circuit Court of Adams County relating to family law issues between himself, Patricia Bizaillion Carter, and their children.

As the Court has explained on two previous occasions, lower federal courts lack the subject matter jurisdiction to review final state-court judgments under the *Rooker-Feldman* Doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that under the *Rooker-Feldman* Doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

If Mr. Carter seeks federal judicial review of a state court decision, he must exhaust state appellate remedies, as he did here, and then seek

direct review before the Supreme Court of the United States. *See Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003).

C.

The Court, in the alternative, finds that Mr. Carter's Petition for Relief from Judgment is frivolous. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim may be dismissed as frivolous when the factual contentions are clearly baseless or when the claim is based on an indisputably meritless legal theory. *Id.* at 327.

III.

In summary, Mr. Carter's claims are barred by the *Rooker-Feldman* Doctrine. So, he has failed to state a claim on which relief may be granted. In the alternative, the Court finds them to be legally frivolous. As such, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Since this action is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a

"strike" under 28 U.S.C. § 1915(g).² In particular, the Court finds it troubling that Mr. Carter filed this action after being informed of the *Rooker-Feldman* Doctrine on <u>two</u> <u>previous</u> <u>occasions</u>.

IV.

*Ergo*, this action is DISMISSED FOR LACK OF JURISDICTION. In the alternative, the action is DISMISSED AS FRIVOLOUS.

All pending motions are DENIED AS MOOT.

This dismissal shall count as one of Mr. Carter's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Mr. Carter's strike in the three-strike log.

If Mr. Carter wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days from the entry of this Order. *See* Fed. R. App. P. 4(a).

---

² 28 U.S.C. § 1915(g) provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A motion for leave to appeal in forma pauperis should set forth the issues Mr. Carter plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

IT IS SO ORDERED.

ENTER: May 7, 2012

FOR THE COURT: */s/ Richard Mills*
                                                              Richard Mills
                                            United States District Judge